IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,950

In the Matter of the Wrongful Conviction of
SHARMARKE WARSAME.

SYLLABUS BY THE COURT

1.

To receive compensation for a wrongful conviction, a claimant is required to prove actual innocence by a preponderance of the evidence under the statutory elements of the charged crime.

2.

The crime of conviction is defined by statute and is not limited to the specific facts of the charging document.

Appeal from Johnson District Court; JAMES F. VANO, judge. Oral argument held October 30, 2024. Opinion filed February 14, 2025. Affirmed.

*Michael T. Crabb*, of Kuckelman Torline Kirkland, of Overland Park, argued the cause, and *Daniel P. Meany*, of the same firm, was with him on the briefs for appellant/cross-appellee.

*Kurtis K. Wiard*, special assistant attorney general, argued the cause, and *Kris W. Kobach*, attorney general, was with him on the briefs for appellee/cross-appellant.

The opinion of the court was delivered by

STEGALL, J.:  Sharmarke Warsame knowingly used stolen credit cards to purchase Target gift cards. He was charged and convicted by a jury of two felony counts of identity theft, two misdemeanor counts of theft, and one misdemeanor count of criminal

use of a financial card. On direct appeal, however, the parties jointly moved to have the convictions vacated. The Court of Appeals obliged. Then, the State dismissed the felony charges after remand. Warsame served 564 days in prison for the vacated and dismissed felony convictions.

Warsame then filed this statutory action for wrongful conviction and imprisonment under K.S.A. 2021 Supp. 60-5004 seeking damages, attorney fees and costs, a certificate of innocence, and expungement of all associated convictions. The State moved for summary judgment arguing (1) Warsame's conviction was reversed because of incorrect charging, not because he did not commit the crime, (2) Warsame could not prove by a preponderance of the evidence that he did not commit identity theft because he admitted that he used someone else's credit card with the intent to defraud to receive a benefit, and (3) Warsame's own conduct brought about his conviction because he testified that using the credit cards was "all my fault."

The district court denied the State's motion for summary judgment reasoning that it needed to hear testimony and make findings concerning the alleged facts under which Warsame was convicted—reasoning that "it doesn't matter what the criminal statute says. It's how he was charged and convicted." A bench trial followed. The assistant district attorney who had jointly moved to vacate the convictions on appeal testified that he did not believe Warsame was actually innocent of the charged crimes. Instead, he believed the felony charging documents and jury instructions had identified the wrong victim, and that this was legally fatal to the convictions. Specifically, the State was concerned that Warsame had been charged with intent to defraud the credit card holders rather than Target, and "then, in turn, Target taking money from the bank."

The district court ultimately ruled against Warsame, holding that he had failed to prove—by a preponderance of the evidence—his actual innocence of the crimes as charged and instructed to the jury. Warsame appealed directly to this court under K.S.A. 2023 Supp. 60-5004(l). The State cross-appealed the denial of summary judgment.

On appeal, Warsame argues that the district court incorrectly concluded that he committed felony identity theft against the alleged victims as charged and instructed to the jury. For its cross-appeal, the State argues that the actual innocence required under our wrongful conviction statute exclusively concerns the *statutory* elements of the charged crime—*not* the specific facts alleged in the filings or trial. We agree with the State. And because this is determinative of the outcome, we affirm the denial of Warsame's claim.

## DISCUSSION

A claimant seeking compensation for wrongful conviction must prove:

"(A) The claimant was convicted of a felony crime and subsequently imprisoned;

"(B) the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty;

"(C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and

"(D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction. Neither a confession nor

3

admission later found to be false or a guilty plea shall constitute committing or suborning perjury, fabricating evidence or causing or bringing about the conviction under this subsection." K.S.A. 2023 Supp. 60-5004(c)(1).

There is no dispute in this case that Warsame can easily satisfy the first two elements of proof. Here, Warsame's vacated felonies were for identity theft under K.S.A. 21-6107(a)(1), which criminalizes "obtaining, possessing, transferring, using, selling or purchasing any personal identifying information . . . belonging to or issued to another person, with the intent to:  (1) Defraud that person, or anyone else, in order to receive any benefit." Those convictions were imposed with prison time served, and they were later vacated and the charges were dismissed on remand.

This brings us to the third element of statutory proof in our wrongful conviction statute. We recently clarified that provision's meaning. In *In re Wrongful Conviction of Doelz*, 319 Kan. 259, 261, 553 P.3d 969 (2024), we held that K.S.A. 2023 Supp. 60-5004(c)(1)(C) requires a claimant to prove a causal connection between the ultimate dismissal of the charges by the State and the claimant's actual innocence.

"[T]he Legislature intended to require in this subsection that a claimant for compensation must prove three things. First, that he or she did not commit the crime of conviction. Second, that he or she was not an accessory or accomplice to the crime. And third, that by demonstrating the first two requirements, the claimant obtained one of three possible outcomes:  (1) the reversal of his or her conviction; *or* (2) dismissal of the charges; *or* (3) a finding of not guilty upon retrial. In other words, that the first two elements 'resulted in' one of three possible outcomes." 319 Kan. at 263-64.

In addition, subsection (C) allows claimants to "present to a fact-finder the motivating reason and underlying facts that sit behind a prosecutor's decision not to continue to pursue charges after a reversal by the appellate courts." 319 Kan. at 265. This case presents us with an opportunity to further clarify what this means. Warsame argues

4

there is a clear causal connection because the State explicitly acknowledged before the Court of Appeals that he was not guilty of the crime as it was charged and tried because he did not intend to defraud the named victims (i.e., the owners of the stolen credit cards). The State counters that Warsame was not actually innocent of the crime of identity theft as defined by the statutory elements because he did intend to defraud other victims—albeit victims not identified or proven at trial.

While the district court found that the prosecutor did *not* agree to vacate the convictions because Warsame was actually innocent, the lower court did not rely on this holding when making its ruling. Instead, the district court held (1) that no causal link between vacation of the convictions and innocence was necessary, and (2) that Warsame only had to show innocence of the facts alleged in the complaint—that is, innocent as to the specific victims alleged in the complaint. The district court, however, went on to rule against Warsame based on its view that despite the joint motion to vacate the convictions on appeal, Warsame was actually guilty of identity theft as factually charged.

Thus, the dispute between the parties revolves around a legal disagreement between the State and Warsame on the one hand, and the lower court on the other—that is, under these facts, whether Warsame intended to defraud the named victims. The State and Warsame effectively agreed that he was actually innocent of intending to defraud the named victims by jointly moving to vacate the convictions, while the district court went the other way.

We find this legal dispute irrelevant to the ultimate outcome of Warsame's claims. Specifically, we hold that the lower court's two predicate holdings—that no causal link between the dismissal of the charges on remand and actual innocence is required and that Warsame had only to show actual innocence of the facts alleged at trial—were error. And those errors funneled this case into an unnecessary and tangled argument over who,

5

legally, can be a victim of identity theft. We do not weigh in on that dispute because—as explained below—under the proper thresholds of proof demanded by our wrongful conviction statute, resolving that question does not matter to the outcome.

We explained in *Doelz* why the district court's holding as to causation was error. In fact, claimants do have to prove a causal connection between the ultimate dismissal of the charges and actual innocence. But not until today have we had the opportunity to decide the specific question presented here—"actual innocence" of what? Must a claimant show the causal element related to actual innocence *as charged* or actual innocence of the *statutory elements* of the crime? We hold it is the latter.

Like our decision in *Doelz*, the court is faced with unclear language in K.S.A. 2023 Supp. 60-5004(c)(1)(C). The meaning of "crimes for which the claimant was convicted" is ambiguous. Is a "crime" limited to the facts of the charging document, or is a crime defined by the statutory elements? The plain text does not say, so the court must resort to tools of construction, including an examination of legislative history. 319 Kan. at 262.

We have previously noted that the statutory scheme indicates a requirement of factual innocence of both the crime as charged and its lesser included offenses. *In re Wrongful Conviction of Spangler*, 318 Kan. 697, 706-07, 547 P.3d 516 (2024). We have also examined legislative history and found overwhelming evidence that "the Legislature intended to compensate only individuals who are determined to be actually or factually innocent. It did not intend to compensate every criminal defendant whose conviction was reversed on appeal." *Doelz*, 319 Kan. at 263. We especially noted testimony from The Innocence Project about those who served prison sentences "'for crimes they did not commit.'" 319 Kan. at 262 (citing Hearing on S.B. 336 Before the Kansas Senate Judiciary Committee [Feb. 14, 2018] [testimony of Michelle Feldman]). As applied here, it is clear that the Legislature only intended to award compensation to people who were

6

entirely innocent of the crime of conviction, i.e., the crime as defined in the statute. There is no indication that the Legislature ever conceived of, to use an extreme example, compensating an individual who was convicted for murdering victim A, when the individual was actually guilty of murdering victim B. Thus, the crime of conviction is defined by statute and is not limited to the specific facts of the charging document.

To receive compensation, Warsame was required to prove actual innocence by a preponderance of the evidence under the statutory elements of the charged crime—and that this was the reason the charges were dismissed.

The elements of identity theft found in K.S.A. 21-6107(a)(1) are: "[O]btaining, possessing, transferring, using, selling or purchasing any personal identifying information . . . belonging to or issued to another person, with the intent to: (1) Defraud that person, or anyone else, in order to receive any benefit." Thus, Warsame must show he did not use someone else's personal identifying information with the intent to defraud that person, or anyone else, to receive any benefit. This is what we mean by factual innocence. Warsame was not required to show he was innocent of all crimes. Nor was he only required to show mere innocence as to the specific facts alleged in the complaint to prove he was innocent of the "crimes for which the claimant was convicted." K.S.A. 2023 Supp. 60-5004(c)(1)(C).

Warsame showed that his felony convictions were vacated and dismissed. Warsame did not show that he was actually innocent of identity theft because he admitted facts sufficient to prove he intended to defraud some party to receive a benefit. And the evidence at trial below clearly was insufficient to show that the charges were dismissed because of factual innocence within the meaning of the wrongful conviction statute. Warsame failed to meet his burden of proof under K.S.A. 2023 Supp. 60-5004(c)(1)(C).

7

The district court was thus ultimately correct in denying relief, albeit for the wrong reason. *Nicholson v. Mercer*, 319 Kan. 712, 717, 559 P.3d 350 (2024) (affirming Court of Appeals as right for the wrong reason).

Affirmed.